UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor,<br><br>    Plaintiff,<br><br>Vs.<br><br>United Lending Team, Inc. d/b/a Afex Lending,<br>Matthew Adams Individually and John Does 1-10<br><br>    Defendants. | C/A No: 2:25-cv-13077-JD-MGB<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff complaining of the Defendants alleges as follows:

## TYPE OF ACTION

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty and S.C. Code Section § 37-21.

## PARTIES

2. Plaintiff is a resident of Charleston County, South Carolina.

3. The calls alleged in this complaint were made to Plaintiff's wireless phone line in South Carolina.

4. Defendant United Lending Team, Inc. is a Michigan corporation.

5. United Lending Team, Inc. does business as Afex Lending ("Afex").

6. Upon information and belief, Afex's principal office is located at 1050 Wilshire Drive Suite 300, Toy, MI 48084.

7. Afex makes calls to residents of South Carolina.

8. Afex conducts and transacts business in South Carolina.

1

9. Matthew Adams ("Adams") is an individual.

10. Adams is a branch manager for Afex.

11. Adams participates in calls to residents of South Carolina.

12. Adams conducts and transacts business in South Carolina.

13. The true identity of John Doe is unknown at this time.

## VENUE AND JURISDICTION

14. This cause of action arises out of conduct of Defendants initiating telephone solicitations to Plaintiff's wireless telephone number in Charleston County South Carolina.

15. Plaintiff is a resident of Charleston County.

16. Pursuant to *Mims v. Arrow Fin. Services. LLC* 565 U.S. 368, 372 (2012), this court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under the South Carolina Telephone Privacy Protection Act, S.C. Code Section 37-21, because the state claims arise from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff, and add little complexity to the case. Furthermore, pursuant to Section 37-21-100, "Nothing in this chapter must be construed to limit any remedies, causes of action, or penalties available to a person or governmental agency under another federal or state law."

### The Telephone Consumer Protection Act

17. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress

enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

18. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id...* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

19. The TCPA provides a private right of action under section 47 U.S.C § 227 (c)(5) for a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under the subsection.

### The South Carolina Telephone Privacy Protection Act

20. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, et seq.

21. The SCTPPA requires that "at the outset of a telephone solicitation, a telephone solicitor shall provide…the name of the person on whose behalf the telephone solicitation is being made." 37-21-40(A).

22. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

23. The SCTPPA provides a private right of action under section S.C. Code § 37-21-80 for a person who has received a telephone call in violation of the regulations prescribed under the statute.

### Factual Allegations

24. The telemarketing campaign alleged herein included placing multiple solicitation calls (the "Calls") to Plaintiff's number to promote mortgage services.

25. Defendant Afex placed the alleged Calls to Connor's wireless number.

### Telephone calls to Plaintiff

26. Plaintiff Connor is a "person" as defined by 47 U.S.C. § 153(39).

27. Plaintiff Connor is a "person" as defined by SC Code Section 37-21-20.

28. Defendant Allied is a "person" as defined by SC Code Section 37-21-20.

29. Plaintiff is the sole subscriber to the wireless telephone number (843) 557-XXXX.

30. Plaintiff uses the cellular telephone as a personal residential number.

31. Plaintiff's number, (843) 557-XXXX, has been on the National Do Not Call Registry since 2009.

32. Plaintiff never consented to receive calls from Defendants.

33. Defendants placed two calls (the "Calls") to Plaintiff on October 3, 2025.

34. Adams directly participated in the Second Call alleged herein with Plaintiff, had knowledge both Calls, and by failure to act, allowed such Calls to be made.

35. On October 3, 2025, at or about 10:23 a.m. EST, Plaintiff received the first call ("First Call") to his wireless number.

36. The First Call transmitted the Caller ID 864-973-6171, a non-working number.

37. During the First Call, the person calling identified himself as Christian, a partner with Experian.

38. The purpose of the First Call was to solicit Afex mortgage services to Plaintiff.

39. On October 3, 2025, at or about 11:47 a.m. EST, Plaintiff received the second call ("Second Call") from Defendants.

40. The Second Call transmitted the Caller ID 843-419-7132, a non-working number.

41. During the Second Call, the person calling identified himself as Ben, a partner with Experian.

42. The purpose of the Second Call was to solicit Afex mortgage services to Plaintiff.

43. Plaintiff's privacy has been violated by the above-described telemarketing Calls from Defendants.

44. The calls to the Plaintiff were unwanted.

45. Prior to initiating this lawsuit, Plaintiff requested that Afex to provide any evidence of valid consent for the calls.

## CAUSES OF ACTION
### Count One:
### Violations of the TCPA's Implementing Regulations
### Codified at 47 C.F.R. § 64.1200

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. By placing (2) telemarketing calls to the Plaintiff's telephone number, which he registered on the National Do-Not-Call Registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff's number on their Do-Not-Call list, Defendants jointly and severally, violated 47 U.S.C. § 227 (c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

48. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), and Plaintiff is entitled to an award of $500 - $1,500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R.§64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

## Count Two:

### Violations of the SCTPPA

49. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the SCTPPA, including: (a) initiating two calls to a telephone number on the federal Do Not Call Registry (b) the failure to "shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made"

51. The Defendants' violations were negligent and/or knowing.

52. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

- For the statutory damages of $500 to $1,500 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the TCPA;

- For the statutory damages of $1,000 to $5,000 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the SCTPPA;

- For an award of attorneys' fees pursuant to the SCTPPA;

- For unspecified punitive damages in an amount to be determined by the jury.

                                                                     Respectfully Submitted,

                                                                     */s/ Jay Connor*

                                                                     Jay Connor Plaintiff, *Pro Se*
                                                                     215 East Bay Street 201-F
                                                                     Charleston, SC 29401
                                                                     Jayc650@hush.com

October 21, 2025                                            (843) 557-5724 (Residential)